GETTIS A. HENDERSON, *Appellant*, v. JOHN A. HENDERSON, W. H. KENDRICK AND G. N. BENJAMIN, *Appellees.*

Opinion Filed May 14, 1924.

Where an equity appears for an accounting between guardian and ward, the enforcement of a judgment against the sureties on the guardian's bond may properly be enjoined until appropriate decree upon an accounting are rendered in the equity cause.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Reversed.

*Mabry, Reeves & Carlton,* for Appellant;

*Shackleford & Shackleford, Shackleford & Parks,* and *Lunsford & Blake,* for Appellees.

PER CURIAM.—A bill of complaint filed March 22, 1922, by Gettis A. Henderson alleges in substance that he is the father of John A. Henderson and other children who inherited property in Hillsborough County, Florida; that complainant was appointed guardian of the estate of John A. Henderson and the other children and gave in due form a general guardian's bond in the sum of $100.00 "upon which the defendant John A. Henderson has sued and exhausted said bond;" that on July 7, 1909, complainant as guardian of his said children obtained an order from the County Judge for the sale of certain property belonging to said children and gave a special sales bond in $15,000.00 to secure a proper accounting for the proceeds of said order with W. H. Kendrick and G. N. Benjamin as sureties; that no final settlement of said guardianship has ever been made or demanded, and that no accounting between complainant and his son, the defendant John A. Henderson, has ever been made; that in fact complainant owes said defendant nothing (the specifications for such conclusion being alleged), but is willing to pay if on an accounting he is found to be due anything to the said defendant; that notwithstanding the facts stated the said John A. Henderson caused a suit to be brought against complainant and G. N. Benjamin and W. H. Kendrick upon said special sales bond given by complainant as said guardian; that subsequently the said John A. Henderson caused complainant and G. N. Benjamin and W. H. Kendrick to be notified that he, the said John A. Henderson would dismiss that suit; that notwithstanding this assurance by the defendant John A. Henderson, default and final judgment were entered in the cause against said Kendrick and Benjamin and execution issued thereon; which judgment was vacated by the court; that when the execution was issued, the complainant residing in another

State, the said Kendrick and Benjamin ''conferred with the attorneys representing the said John A. Henderson and signed a letter prepared by said attorneys, which said letter reads as follows, to-wit:

"Tampa, Florida, June 4, 1919.

Shackleford & Shackleford,

Attorneys at Law,

Tampa, Florida.

Gentlemen:

In reference to the conversation which we had with you this day relative to the judgment which you recovered against us in the Circuit Court in and for Hillsborough County, Florida, in an account at law. wherein Sidney J. Catts, Governor of the State of Florida, for the use of John A. Henderson was plaintiff, on the 14th day of May, A. D. 1919, we now beg to confirm what we have said in said conversation. In consideration of your not having the execution which has been issued on said judgment levied upon our property and advertising the same for sale on the first Monday in July, A. D. 1919, we hereby promise to pay you the amount of said judgment and the cost of court by the 20th day of June, A. D. 1919. The amount of said judgment is $4214.02 exclusive of the court costs.

Yours truly,

W. H. Kendrick.

G. N. Benjamin.''

that after the vacation of said default and final judgment in said cause the said John A. Henderson caused another suit to be filed in the Circuit Court of Hillsborough County, Florida, upon the letter hereinabove set out dated June 4, 1919. And such proceedings have been had in said second suit that a verdict was recovered against the said Benjamin and Kendrick, and in favor of the said John A. Henderson in said court on February 24, 1922,

for $5,116.72, on which a judgment has been entered and an execution issued and certain property of the said defendants, Benjamin and Kendrick, has been levied upon and is being advertised by the Sheriff of said Hillsborough County, to-wit, to be sold on the first Monday in April, 1922. Your orator alleges that while the said second suit based upon said letter is predicated upon the legal ground that the said letter is a separate and independant promise to pay for a lawful and valid consideration, that the same is nevertheless connected with and grows out of the liability of the said Kendrick and Benjamin as sureties upon your orator's bond as guardian as hereinabove stated;'' that complainant alleges and states the truth to be that the action of his said son, John A. Henderson, under the circumstances herein above stated and set forth, with full knowledge all the time that his indebtedness to your orator for the value of the land, of the mercantile business, and of your orator's payments to him by the advances of cash as in the bill set forth, were equal to and exceeded any liability with your orator might be due on the said guardians bond, is in fraud of the rights of your orator and of the said Benjamin and Kendrick, and that if he collects the judgment against Benjamin and Kendrick it will to that extent augment the legal and moral liability of your orator, and will thus indirectly force your orator to pay out large sums of money to which the said John A. Henderson has no legal, equitable, or moral right. That the said John A. Henderson, taking advantage of the circumstances as hereinabove detailed and with knowledge that your orator owed him nothing having allowed his said first suit to be prosecuted, notwithstanding his assurance to your orator and the said Benjamin and Kendrick that it would not be further prosecuted and would be dismissed, and having taken advantage of the fact that your orator and his co-

defendants in said suit lived in cities far distant from each other, that communication between them was difficult and expensive except by letter and in that way unsatisfactory, has so manipulated the processes and procedure of the courts of law and taken the advantage of the ignorance of the true facts on the part of the said Benjamin and Kendrick, as to work a positive and pronounced fraud upon your orator.

"Eighth. The premises considered and your orator being without remedy except by this his bill in a court of equity, prays: '

"(a) That an accounting shall be taken and made under the supervision and direction of this Honorable Court between your orator as guardian for the said John A Henderson, and that it be ascertained what amount your orator owes or has owed to the said Henderson as said guardian, and that your orator shall be credited in said accounting with such payments or advances in money as it shall be found that your orator has made to the said John A. Henderson which are properly chargeable against him, an itemized account and statement of which your orator is willing and will produce and verify, and that the said John A. Henderson be charged with the price and value of the said store which he assumed and agreed to pay to your orator, and also with the reasonable value of said land, which he received through your orator and which he refused to reconvey and redeed to your orator as hereinabove set forth, and that a balance shall be struck and that a suitable decree rendered fixing and determining what amount, if any, shall be paid by your orator to the said John A. Henderson, or what amount, if any, shall be paid by the said John A. Henderson to your orator.

"(b) That a temporary injunction be issued restraining the said John A. Henderson from selling under exe-

cution aforesaid, to-wit, that certain execution dated February 24, 1922, issuing out of the Circuit Court of Hillsborough County, Florida, in the said suit herein referred to as the second suit, to-wit, that certain cause wherein John A. Henderson is plaintiff and W. H. Kendrick and G. N. Benjamin are defendants, the lands and property and every part and parcel thereof, of the said W. H. Kendrick and G. N. Benjamin, and that the said John A. Henderson be restrained and enjoined from collecting or attempting to collect said execution, and be restrained and enjoined from enforcing or attempting to enforce said execution, until the further order of this court, and that upon a final decree of this court, when it shall be made to appear that there is no indebtedness by your orator to the said defendant, John A. Henderson, or no further indebtedness when your orator shall have paid any amount which the court may find to be due, that said injunction be made permanent and that said judgment be cancelled and declared null and void, as well as said execution.

"(c)  Also, that the said W. H. Kendrick and G. N. Benjamin be enjoined and restrained from paying to the said John A. Henderson or the said sheriff said execution or any part thereof, or any moneys on account thereof.

"(d)  Also, that the said suit herein described as the first suit, namely, that certain cause now pending in the Circuit Court of Hillsborough County, Florida, at law, wherein Sidney J. Catts as Governor for the use of John A. Henderson, is plaintiff, and your orator and the said Benjamin and Kendrick are defendants, be enjoined, that is, that the said John A. Henderson be temporarily enjoined from further prosecuting same, and that on final hearing he be permanently enjoined from further prosecuting same."

General relief was also prayed.

By answer the defendants W. H. Kendrick and G. N. Benjamin averred facts consistent with those alleged in the bill of complaint, and joined in the prayers for relief.

Motions for temporary injunctions as prayed were denied, and an appeal was taken.

It seems clear from the above extracts considered with the allegations as stated at length in the bill of complaint, that an equity appears for an accounting between the guardian and his ward and that appropriate decrees should be rendered for or against the guardian which will affect the real liability of his sureties, the defendants Benjamin and Kendrick; and to this end appropriate injunctions should restrain the enforcement of the judgment rendered in the law action against Kendrick and Benjamin that is connected with and grows out of their liability as sureties on the guardian's bond, until the entire controversy is ajudicated in this suit.

The order appealed from is reversed and the cause is remanded for proper proceedings.

Reversed.

TAYLOR, C. J., AND WHITFIELD, ELLIS, BROWNE, WEST AND TERRELL, J. J, concur.